UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No: 1:19-cv-1587 |
| | ) |
| CISION US, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
### Summary of lawsuit

1. The Plaintiff, Richard N. Bell, took photograph of the Indianapolis Skyline in 2000 and the "Indianapolis Photo" was registered with the U.S. Copyright office. In 2018, the Plaintiff discovered that the Defendant CISION US, INC. ("CISION") had published the "Indianapolis Photo" ("Exhibit A") in advertising which appears on a website owned by Defendant CISION, even though the Defendant had no rights or authority to publish the Indianapolis Photo. The Plaintiff requests damages against Defendant CISION for violations of U.S. Copyright laws.

### JURISDICTION AND VENUE

2. This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

3. This Court has personal jurisdiction over the Defendant by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff Richard N. Bell resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## PARTIES

5. The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in McCordsville, Indiana.

6. Defendant CISION US, INC. ("CISION") has conducted and does conducts business in this district. CISION created a website with the domain name of prweb.com for its business.

## FACTS

7. In March 2000, the Plaintiff, a United States citizen, took a photograph of downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

8. The photograph is an original work that is copyrighted under United States law. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo".

9. Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

10.     Indianapolis Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Web shots. It was recently published on a website created by the Plaintiff under the domain name: www.richbellphotos.com

11.     The "Indianapolis Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

12.     Plaintiff has used the Indianapolis Photo in advertising to such an extent that the Indianapolis Photo is identified by the public as being created by the Plaintiff.

13.     Plaintiff has used the Indianapolis Photo in advertising to promote his photography business.

## COUNT I

## COPYRIGHT INFRINGEMENT

14.     Defendant CISION created a website with the domain name of prweb.com to promote and advertise CISION's business in Indianapolis and used the Indianapolis Photo at

http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and

http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg.  (Exhibits B &C-Screenshots of Infringement)

3

15. Defendant CISION used the Indianapolis Photo to draw or attract prospective customers to Defendant's convention in Indianapolis.

16. Defendant CISION is liable to Plaintiff because he had the right and ability to control and supervise the content of and to control and supervise the access of third party Internet users to that website.

17. Upon information and belief, the Defendant CISION downloaded or took the Indianapolis Photo from the internet without permission from the owner.

18. In February 2019 the Plaintiff discovered through three computer programs; Google images, Tineye and Wayback Machine that the website of http://ww1.prweb.com contained the Indianapolis Photo at http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg on March 6, 2019. (Exhibits B & C- Screenshots of Infringement)

19. Defendant did not disclose the source of the stolen Indianapolis Photo or otherwise conferred credit to the owner; instead, the Defendant willfully and recklessly falsely claimed that Defendant CISION owned the copyrights of all images and photos contained on the website of prweb.com including Indianapolis Photo.

20.     Upon information and belief it appears beginning in years 2018 to March 6, 2019, the website of Defendant CISION published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner.

21.     While the Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, during the year 2018, Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff and continues to publish the Indianapolis Photo.

22.     The Defendant knew that he did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise by adding a copyright notice to the bottom of each page "© Copyright 2017, Vocus PRW Holdings, LLC"

23.     Defendant CISION has not paid anyone for the right to publish the Indianapolis Photo, but instead fraudulently declared that the Defendant CISION owned the copyrights to the Indianapolis Photo.

24.     Defendant refuses to pay for the unauthorized use of Indianapolis Photo.

25.     Defendant has not agreed be enjoined from using the Indianapolis Photo. After the Defendant published the Indianapolis Photo, Defendant permitted third parties to access to the webpages

http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and

http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpgand copy the Indianapolis Photo to third party Internet User's computers.

26. Defendant is vicariously liable for each such downloaded copy of the Indianapolis Photo initiated by each third-party Internet User regardless of whether Defendant was aware that the third party was creating the downloaded copy.

27. Defendant is liable for all profits resulting from each downloaded copy of the Indianapolis Photo created by each such third-party Internet User.

28. Defendant is liable for copyright infringement regardless of whether Defendant knew that any use of the Indianapolis Photo would infringe copyrights Plaintiff owns.

29. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

30. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

6

31.   Defendant CISION's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

32.   Plaintiff seeks damages for Defendant's use of Plaintiff's advertising idea comprising the Indianapolis Photo.

33.   On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant CISION has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

34.   Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

35.   Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

36.   Examples of these willfully and deliberately Acts, include but not limited to the following:

    a.   Defendant CISION downloaded or took the Indianapolis Photo from

     the internet and included said photo on the Defendant's website.

b. Defendant failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.

c. Defendant recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained on the Defendant's website http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg

d. Defendant knew that it did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

e. Defendants has not paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo on http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg

THEREFORE, Plaintiff prays for judgment against Defendant CISION as follows:

    a. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under common law, and the Federal Copyright Act;

    b. Immediately and permanently enjoining Defendant CISION, their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

    c. Enjoin Defendant from "republishing" any of your copyrighted materials that, if granted, would require that the Indianapolis Photo not be available on http://ww1.prweb.com/prfiles/2014/01/22/11514471/Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg and http://ww1.prweb.com/prfiles/2014/01/22/11514471/tN_120075_Health%20Briefs%20TV%20airs%20in%20Indianapolis%20IN.jpg which would thereby make it impossible for third party Internet users to download copies of the Indianapolis Photo from said webpage.

    d. Ordering Defendant CISION to account to Plaintiff for all gains, profits, and advantages derived by Defendants, and third-party users by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

    e. Awarding Plaintiff actual and/or statutory damages for Defendant copyright infringement in an amount to be determined at trial;

    f. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and;

    g. Awarding Plaintiff such other and further relief as is just and proper.

                                    Respectfully Submitted:

April 20, 2019                         <u>/s Richard N. Bell</u>
                                    Richard N. Bell

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
McCordsville, In 46055
(317) 589-8535
(317) 690-2053 Cell
richbell@comcast.net